IN RE: Timothy M. FLANNERY,
Petitioner

No. 16-4207

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R. App. P. December 15, 2016

(Filed: January 27, 2017)

Timothy M. Flannery, Pro Se

Linda J. Morse, The Villages, FL, for
Plaintiff-Respondent

Warren B. Cole, Esq., Hunter & Cole,
Christiansted, VI, John M. Hawkins, Esq.,
Michael A. Holcomb, Esq., Weinberg,
Wheeler, Hudgins, Gunn & Dial, Atlanta,
GA, for Defendant-Respondent

Before: AMBRO, GREENAWAY, JR.
and SCIRICA, Circuit Judges

## OPINION *

### PER CURIAM

Timothy M. Flannery seeks a writ of
mandamus directing the Chief Judge of
the District Court to order an investigation
into his allegations of attorney misconduct
pursuant to Local Rule of Civil Procedure
83.2(b). We will deny his request.

Flannery is a plaintiff in a civil suit
against a manufacturer of construction
products. After his attorney moved to
withdraw from the case, citing a disagree-
ment between Flannery and the other
plaintiff, Flannery filed an attorney mis-

conduct complaint in the District Court.
He alleged that the attorney's motion to
withdraw was "suspect" because it omitted
material information about the attorney's
other representations, which Flannery be-
lieved created numerous conflicts of inter-
est in her representation of him in the civil
suit.

Flannery later telephoned the Chief
Judge of the District Court to ask wheth-
er, pursuant to Local Rule 83.2(b), his
attorney-misconduct complaint had been
referred to a magistrate judge for an in-
vestigation. The Chief Judge issued an or-
der explaining to Flannery the procedure
outlined in Rule 83.2(b): Once an allegation
of attorney misconduct—"which, if sub-
stantiated would warrant discipline on the
part of the attorney"—comes before a judi-
cial officer, he or she may refer the matter
to the Chief Judge; only then shall the
Chief Judge pass the matter to a magis-
trate judge or a disciplinary committee for
investigation. The Chief Judge also ex-
plained that, though Flannery filed his al-
legations in the District Court, it had not,
in turn, referred the allegations to the
Chief Judge. The Chief Judge concluded
that "[u]nless and until [a] judicial officer
determines that the predicates set forth in
Rule 83.2(b) exist, and informs the Chief
Judge accordingly, any involvement by the
[Chief Judge] is premature."

Flannery now seeks a writ of manda-
mus, asking this Court to compel the Chief
Judge to refer his allegations of attorney
misconduct to a magistrate judge for a
report and recommendation. Our jurisdic-
tion derives from 28 U.S.C. § 1651, which
grants us the power to "issue all writs
necessary or appropriate in aid of [our]
... jurisdiction[ ] and agreeable to the us-

---

* This disposition is not an opinion of the full
  Court and pursuant to I.O.P. 5.7 does not

constitute binding precedent.

ages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). To justify the use of this extraordinary remedy, a petitioner must demonstrate that he has "no other adequate means to obtain [that] relief," and that "the right to issuance [of the writ] is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Flannery has not shown a clear and indisputable right to direct the Chief Judge to refer his attorney-misconduct complaint for investigation. Flannery sought to bypass the procedures in Rule 83.2—whereby a judicial officer first determines that the allegations of attorney misconduct would warrant discipline and then refers the complaint to the Chief Judge—by telephoning the Chief Judge directly and purporting to alert her to his allegations. However, as the Chief Judge explained, Flannery cannot force an investigation of his allegations of misconduct by reporting them directly to the Chief Judge. Only a judicial officer, not a pro se litigant, may refer allegations of attorney misconduct to the Chief Judge. Moreover, the judicial officer must first determine that the allegations, if substantiated, would warrant attorney discipline. Only then will the Chief Judge order an investigation into the allegations.

For these reasons, we will deny West's request for a writ of mandamus.